UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PATRICK BARTHET, an individual,
on behalf of himself and all others
similarly situated,

      Plaintiff,

v.

FIRSTSOURCE SOLUTIONS USA, LLC
d/b/a MEDASSIST, a Limited
Liability Company,

      Defendant.
_____/

**CLASS ACTION**
**JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff Patrick Barthet ("Barthet" or "Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant Firstsource Solutions USA, LLC d/b/a MedAssist ("MedAssist" or "Defendant") and states as follows:

## INTRODUCTION

1. Congress has recognized that repeated pre-recorded phone calls to consumers cause them undue burden and annoyance. Accordingly, it has required companies making such calls to give consumers the right to opt-out of further calls. Defendant failed to do so, in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. ("TCPA" or "the Act").

2. Plaintiff brings this putative class action on behalf of himself and all persons in the United States to whose cellular telephone number MedAssist placed a non-emergency advertisement or telemarketing telephone call using an artificial or prerecorded voice telephone

message that did not contain an opt-out mechanism as mandated by federal regulation. *See* 47 C.F.R. § 64.1200 (b)(3).

3. Plaintiff seeks damages and injunctive relief as a result of Defendant's unlawful actions in contacting Plaintiff and putative class members on their cellular telephone for advertisement or telemarketing purposes in violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action because it is a matter arising under the laws of the United States. *See* 28 U.S.C. § 1331.

5. Plaintiff Barthet is a citizen of the State of Florida, a resident of Miami-Dade County, and an individual and natural person who is otherwise *sui juris*. Plaintiff is the cellular account holder-owner of the cellular telephone for which Defendant was calling.

6. Defendant MedAssist is a Delaware limited liability company, with its principal place of business at 1661 Lyndon Farm Court, Louisville, Kentucky 40223. Defendant is in the business of providing business process management solutions to organizations in the healthcare industry and specifically, Mount Sinai Medical Center ("Mount Sinai") in Miami Beach, Florida. Defendant transacts business throughout the United States, including in Miami, Florida and specifically in this district and division. Indeed, Defendant has an office located in this district at 7715 NW 48th Street, Suite 100, Miami, FL 33166.

7. This Court has jurisdiction over Defendant because it is a limited liability company authorized to conduct business in Florida, is doing business in Florida and has registered with the Florida Secretary of State. Defendant does sufficient business in Florida, has sufficient minimum contacts with Florida, or otherwise intentionally avails itself of the Florida consumer market through its "robocalls" to consumers within Florida and the promotion, marketing, and sale of its

2

services to entities in Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendant and its affiliated or related entities permissible under traditional notions of fair play and substantial justice.

8. Venue in this District is proper under 28 U.S.C. §1391(b) because Plaintiff resides in this District and the calls that are the subject of this lawsuit were made by Defendant to Plaintiff on Plaintiff's cellular telephone while Plaintiff was within this District.

9. Venue in this District is also proper under 28 U.S.C. §1391 (b) because Defendant regularly conducts business in this District and is subject to this Court's personal jurisdiction with respect to this action and thus, "resides" in this District.

10. All conditions precedent to this action have occurred, been performed, or been waived.

## NATURE OF ACTION

### TCPA Background

11. In 1991, Congress enacted the TCPA as a remedial statute in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA protects individual consumers from receiving intrusive and unwanted calls, particularly automated telephone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745 (2012) (noting that "it is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons).

12. The TCPA regulates, among other things, the use of automated telephone dialing systems[1] or "autodialers" and the use of artificial or prerecorded voices in telephone calls, both as

---

[1] Under the Act, an automatic telephone dialing system is "equipment which has the capacity…to store or product telephone numbers to be called, using a random or sequential number generator[,] and…to dial such numbers. 47 U.S.C. § 227 (a) (1). *See In re Rules & Regulations*

3

to telemarketing and non-telemarketing calls. For example, the plain language of § 227(b)(1)(A) prohibits the use of autodialers or artificial or prerecorded voices to make a non-emergency call to any cellular or wireless phone number in the absence of prior express consent of the called party. 47 U.S.C. § 227 (b) (1) (A).

13. The Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, has found that calls made using an autodialer or an artificial or prerecorded voice are a greater nuisance and invasion of privacy than live calls, and can be costly and inconvenient. *See e.g. In re Rules & Regulations Implementing the TCPA* ("we act to preserve consumers' rights to stop unwanted robocalls…and thus respond to the many who have let us, other federal agencies, and states know about their frustration with robocalls"). Pursuant to its rulemaking authority,[2] the FCC has ruled that under the TCPA, advertisement and telemarketing calls made to cellular phone numbers using an artificial or prerecorded voice telephone message must provide an automated mechanism for consumers to opt-out of receiving the call. 47 C.F.R. § 64.1200 (b) (3). Specifically, these advertisement and telemarketing calls must provide "an automated, interactive voice-and/or key press-activated opt out mechanism" for the call recipient to make a do-not-call request, "including brief explanatory instructions on how to use such mechanism" within two seconds of identifying itself. *Id*.

14. Essentially, the TCPA is a strict liability statute in that it does not require any intent for liability except when awarding treble damages."[3] *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1220 (S.D. Fla. 2014).

---

*Implementing the TCPA*, 18 FCC Rcd. 14014 (FCC 2003) (stating that the defining characteristic of an automated telephone dialing system is "the capacity to dial numbers without human intervention").
[2] *See* 47 U.S.C. § 227 (b) (2).
[3] The appropriate remedy under the Act is "an action to recover for actual monetary loss" from a

### MedAssist's Unlawful Calls to Barthet

15. In August 2015, Plaintiff brought his mother to Mount Sinai hospital in Miami Beach, Florida to receive medical treatment. Upon information and belief, Mount Sinai hires and pays Defendant a fee to increase Mount Sinai's revenues by, among other tasks, calling patients of the hospital who appeared to Defendant to be uninsured or underinsured, and aiding them in finding government programs and/or other means of paying Mount Sinai's bills to decrease the hospital's accounts receivable. This is designed to encourage patients to pay their bills and to continue to purchase Mount Sinai's goods and services.

16. At Mount Sinai, Plaintiff provided his cellular telephone number in case any issues arose while his mother was receiving treatment.

17. Plaintiff's mother continued to be seen by various doctors at Mount Sinai through December 2015.

18. On October 20, 2015, Plaintiff started receiving calls on his cellular telephone from Defendant. Defendant's calls were for non-emergency purposes and through an automated telephone dialing system. The calls used artificial or prerecorded voice messages. Plaintiff has received numerous subsequent calls from Defendant and is likely to continue to receive additional such calls.

19. The calls and messages Plaintiff receives are automated and identical, and state the following message:

> "Hello, this is MedAssist calling on behalf of Mount Sinai Medical Center with an important message for [patient]. We are calling to determine if you qualify for medical financial assistance programs. This is a complimentary service provided free of charge to you by the hospital, if you would like to see if you prequalify for

---

violation, or to receive $ 500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227 (b) (3) (B).  Treble damages are available for knowing or willful violations.  47 U.S.C. § 227 (b) (3).

one of our programs and could answer a few short simple questions. Please call our toll free number at 855-[XXX-XXXX] to expedite the prequalification process and better serve you, please reference # [XXXXXXXX] when inquiring about this free service.  Thank you and have a good day."

20. At no time during the message was Plaintiff provided with an option to opt out of receiving the automated voice messages and have the automated calls and messages cease.  The prerecorded voice telephone messages include an advertisement in that the messages advertise the commercial availability or quality of any property, goods or services. For example, the messages state that the financial assistance programs are available, describe how they can be obtained and describe the quality of those services.  The prerecorded voice telephone messages also constitute telemarketing because the initiation of the messages is for the purpose of encouraging the purchase of goods or services. Indeed, the messages are initiated for the purpose of encouraging the purchase of the hospital's goods and services as well as the financial assistance programs. Plaintiff contacted Mount Sinai in attempts to the stop calls but Mount Sinai disavowed any knowledge of the calls or a relationship with MedAssist.

21. Because the prerecorded voice telephone messages included an advertisement or were for telemarketing purposes, MedAssist was required under the Act to provide an automated opt-out mechanism.  Thus, MedAsssist did not comply with the requirement that consumers, including Plaintiff, be allowed to opt out of prerecorded calls via an automated opt-out mechanism.

22. Defendant's method of contacting Plaintiff and Class members is indicative of its ability to dial numbers without any human intervention in the calling process, which, according to the FCC, is the hallmark of an automatic telephone dialing system under the Act.  *See In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13**;** *In the Matter of Rules & Regulations*

*Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this case as a class action for violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. Plaintiff seeks to represent the following Class:

> All natural persons residing in the United States who, within the applicable limitations period, were the recipients of one or more artificial or prerecorded voice telephone message to their cellular phone numbers by or on behalf of Defendant using the same or materially similar script as set forth above that did not provide an automated opt-out mechanism (the "Class").

Excluded from the Class are Defendant and its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

24.     This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class members are unknown to Plaintiff at this time, Plaintiff is informed and reasonably believes that there are thousands of Class numbers. Thus, the proposed Class is so numerous that individual joinder of all Class members is impracticable. Further, the individual Class members are ascertainable as the names, phone numbers and addresses of all members can be easily identified through business records maintained by Defendant.

25.     All claims by Plaintiff and the unnamed Class members are based on the same or materially similar artificial or prerecorded voice telephone messages that Defendant unlawfully initiated to the cellular phones of Plaintiff and the Class. Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class members and

predominate over any questions affecting only individual Class members and include, but are not limited to, the following:

    a. Whether the messages made by or on behalf of Defendant to the cellular phone numbers of the Class members used an artificial or prerecorded voice telephone message;

    b. Whether the messages made by or on behalf of Defendant to the cellular phone numbers of the Class members provided an opt-out mechanism;

    c. Whether Defendant failed to allow Plaintiff and Class members to opt out of the calls;

    d. Whether Defendant's conduct violated 47 C.F.R. § 64.1200 (b)(3);

    e. Whether Defendant willfully or knowingly violated 47 C.F.R. § 64.1200 (b)(3);

    f. Whether Plaintiff and the Class are entitled to damages for Defendant's violation of the TCPA;

    g. Whether Plaintiff and the Class are entitled to treble damages for Defendant's willful or knowing violation of the TCPA; and

    h. Whether Plaintiff and the Class are entitled to a permanent injunction enjoining Defendant from making or having made on its behalf calls to cellular phone numbers using an artificial or prerecorded voice telephone message without providing an opt-out mechanism for recipients to opt out of the calls.

26. Plaintiff is a member of the Class he seeks to represent. Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of Defendant's unlawful conduct. Each Class member has sustained and will continue to sustain damages in the same manner as Plaintiff as a result of Defendant's unlawful conduct.

27. Plaintiff will fairly and adequately represent and pursue the interests of the Class. Plaintiff understands the nature of his claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

28. Further, Plaintiff does not anticipate any difficulties in the management of the case as a class action. Plaintiff's counsel has vast experience in litigating consumer class action cases,

and the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

## COUNT I:
## INJUNCTION FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff realleges and incorporates paragraphs 1 through 28 herein and further alleges as follows:

30. This is a claim for an injunction for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*.

31. As more specifically detailed above, under the Act, advertisement or telemarketing calls made to cellular phone numbers using an artificial or prerecorded voice telephone message must provide an automated mechanism for consumers to opt-out of receiving the call.

32. On one or more occasions, Defendant contacted Plaintiff and Class members on their cellular telephone numbers using an artificial or prerecorded voice telephone message without providing the call recipient an opt-out mechanism to opt out of the calls. The practices employed by Defendant were in direct violation of the Act. *See* 47 C.F.R. § 64.1200 (b) (3).

33. Pursuant to 47 U.S.C. § 227 (b) (3) (A), Plaintiff, on behalf of himself and the Class, seeks a permanent injunction prohibiting Defendant's violation of the Act in the future.

## COUNT II:
## DAMAGES FOR NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff realleges and incorporates paragraphs 1 through 28 herein and further alleges as follows:

35. This is a claim for damages for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*.

36. As more specifically detailed above, under the Act and regulations, advertisement or telemarketing calls made to cellular phone numbers using an artificial or prerecorded voice telephone message must provide an automated mechanism for consumers to opt-out of receiving the call.

37. On one or more occasions, Defendant contacted Plaintiff and Class members on their cellular telephone numbers using an artificial or prerecorded voice telephone message without providing the call recipient an opt-out mechanism to opt out of the calls.  The practices employed by Defendant constitute a negligent violation of the Act.  *See* 47 C.F.R. § 64.1200 (b)(3).

38. Pursuant to 47 U.S.C. § 227 (b) (3) (B), Plaintiff and each Class member is entitled to recover from Defendant actual monetary loss from such violation, or $ 500.00 in damages for each violation, whichever is greater.

<u>**COUNT III:**</u>
**DAMAGES FOR WILLFUL VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**

39. Plaintiff realleges and incorporates paragraphs 1 through 28 herein and further alleges as follows:

40. This is a claim for damages for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*.

41. As more specifically detailed above, under the Act, advertisement or telemarketing calls made to cellular phone numbers using an artificial or prerecorded voice

10

telephone message must provide an automated mechanism for consumers to opt-out of receiving the call.

42. On one or more occasions, Defendant contacted Plaintiff and Class members on their cellular telephone numbers using an artificial or prerecorded voice telephone message without providing the call recipient an opt-out mechanism to opt out of the calls. The practices employed by Defendant constitute a willful violation of the Act. *See* 47 C.F.R. § 64.1200 (b) (3).

43. Pursuant to 47 U.S.C. § 227 (b) (3) (C), Plaintiff and each Class member is entitled to recover from Defendant up to $ 1,500.00 in statutory damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other persons similarly situated, respectfully requests that the Court enter judgment in favor of Plaintiff and the Class for:

a. Certification of the proposed Class under Rule 23 of the Federal Rules of Civil Procedure, and appointment of Plaintiff as the Class representative and his counsel to represent the Class;

b. Statutory damages award to Plaintiff and the Class as provided for under 47 U.S.C. § 227 (b) (3), trebled as may be appropriate;

c. Injunctive relief restraining Defendant from making or having made on its behalf any additional advertisement or telemarketing calls to the cellular phones of consumers using an artificial or prerecorded voice telephone message without providing the call recipient an opt-out mechanism to opt out of the calls; and

d. Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Respectfully submitted this 1st day of March 2016.

By: /s/ Lance A. Harke

| | |
|---|---|
| Lance A. Harke, Esq.<br>lharke@harkeclasby.com<br>Sarah Clasby Engel, Esq.<br>sengel@harkeclasby.com<br>Howard M. Bushman, Esq.<br>hbushman@harkeclasby.com<br>**HARKE CLASBY & BUSHMAN LLP**<br>9699 NE Second Avenue<br>Miami Shores, Florida 33138<br>Telephone:   (305) 536-8220<br>Facsimile:    (305) 536-8229<br><br>*Counsel for Plaintiffs* | Manuel L. Dobrinsky, Esq.<br>mdobrinsky@DDRLawyers.com<br>Eric Bluestein, Esq.<br>EBluestein@DDRLawyers.com<br>**DOLAN DOBRINSKY ROSENBLUM LLP**<br>2665 S. Bayshore Drive<br>Suite 609<br>Miami, Florida 33133<br>Telephone:   (305) 371-2692<br>Facsimile:    (305) 371-2961<br><br>*Counsel for Plaintiffs* |